McBRIDE, Judge.
This appeal involves a collision between two automobiles which occurred on June 5, 1955, at 9:15 p. m. at Monticello Avenue and Jefferson Highway in Jefferson Parish. One of the automobiles was owned and driven by Clinton Green, and he and his insurer-subrogee sue Solomon Pollard, the owner and driver of the other car, for the amount of $122.44, representing the dam *26 ages sustained by Green’s automobile. There was judgment rendered below in favor of plaintiffs as prayed for and defendant has taken this appeal.
The defendant, Pollard, was driving his Jeep station wagon on Monticello Avenue in a direction away from the Mississippi River and ran into the middle of the right side of Green’s automobile causing the damage complained of. There can be no doubt Pollard was negligent as the evidence shows clearly that he was speeding and' failed to stop in obedience to a traffic sign which confronted him as he approached Jefferson Highway. This sign, located to his right on Monticello Avenue, was set back a dis- . tance of about 25 feet from Jefferson Highway.
In his answer Pollai-d alleges Green drove directly into the path of his car and that in doing so Green was guilty of negligence which contributed to the accident, and this plea of contributory negligence is the sole issue the appeal presents.
On the lefthand side of Monticello Avenue there is a large portion of blacktopped ground which is reserved for parking the automobiles of patrons of a business establishment located there. This parking space is bounded by Jefferson Highway as well as by Monticello Avenue.
Prior to the accident Green had been parked in this lot. He attempted to depart therefrom by making exit via a driveway, delineated by white stripes, which runs diagonally across the parking grounds and reaches Monticello Avenue at a point about where Monticello Avenue meets Jefferson Highway. It is necessary for a motorist leaving the parking grounds by such route to make a slight left turn on Monticello Avenue in order to get onto Jefferson Pligh-way.
The accident happened just as Green had emerged from the driveway but before he attempted to turn left into the highway. He claims his car was stopped when the crash came. He admits when he wás emerging from the driveway he saw :Pollard’s automobile on Monticello Avenue coming at a high rate of speed, but he says, it was 75 feet away and he thought it safe to drive into Monticello Avenue because he expected Pollard to bring his vehicle to a stop in compliance with the traffic sign.
Barnes, who was Green’s passenger, states he saw Pollard’s automobile and “he was coming at a pretty fast rate of speed considering there was a stop sign at the corner.” Barnes contradicts Green’s statement that his automobile was stopped by stating that Green’s car was rolling “rather slow” and was hit just as it made entry into Monticello Avenue. Barnes also said: “I saw this car coming but it was so close on us I thought he was going to observe that stop sign and stop. There was nothing Green could do, go forward or backward because he was coming at a pretty fast rate of speed.”
Considering Green’s testimony and that of his witness, we unhesitatingly reach the conclusion that Green was guilty of contributory negligence. It appears from Barnes’ statements that Pollard’s automobile was much closer to the driveway than Green admits it was when he first saw it, and we think he should have known because of its fast rate of speed that its driver could not or did not intend to stop for the traffic sign. Had Green been the least bit cautious he could have avoided an accident.
When he saw or should have seen that Pollard was so close and was traveling at such speed that he could not stop, Green had no right to indulge in the assumption that a stop would be made.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that plaintiffs’ suit is dismissed at their cost in both courts.
Reversed.